IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD LAFFAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>SANTANDER BANK, N.A., AMERICAN MODERN INSURANCE GROUP, INC., and ATLAS INSURANCE AGENCY, INC.,<br><br>               Defendants. | CIVIL ACTION<br>NO. 13-4040 |

<u>**MEMORANDUM OPINION**</u>

**Schmehl, J.**                                                                                                             **June 11, 2014**

      Before the Court is the motion to dismiss of Defendant, Santander Bank, N.A. ("Defendant" or "Santander")[1] (Docket No. 37). Plaintiff, Gerald Laffan ("Plaintiff" or "Laffan") has opposed the motion, and Defendant has filed a reply. Further, both Plaintiff and Defendant have filed Notices of Supplemental Authority (Docket Nos. 45 and 59) and have each replied to said notices. (Docket Nos. 50 and 61.) Having read the parties' briefing, heard the parties' positions and taken the matter under advisement, I will deny the motion to dismiss of defendant Santander.

**I.**     <u>**BACKGROUND**</u>

      Plaintiff filed the class action complaint in this matter on July 11, 2013 (Docket No. 1), challenging various aspects of Santander's policy to require borrowers to pay for force-placed hazard insurance on properties secured by Santander mortgages when borrowers allow their hazard insurance to lapse. Specifically, Plaintiff's Complaint

---

[1] Plaintiff filed the instant action against Sovereign Bank, N.A. Pursuant to its Notice of Legal Name Change (Docket No. 42), Sovereign Bank, N.A.'s legal name was changed to Santander Bank, N.A., and shall be known as such in this litigation.

asserts four claims against Santander: 1) breach of the implied covenant of good faith and fair dealing; 2) breach of contract; 3) breach of fiduciary duty/misappropriation of funds held in trust and 4) violation of the New Jersey Consumer Fraud Act.  (See Compl.)

## II.     STATEMENT OF FACTS

On September 27, 2011, Plaintiff obtained a mortgage loan from Santander in the amount of $616,000 in order to purchase property located at 720 Willow Avenue, Unit 3, Hoboken, New Jersey. (Compl. ¶ 35.) The mortgage states, in pertinent part:

> 5.     Property Insurance: Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in amounts (including deductible levels) and for the period that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The Insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably…
>
> If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of the insurance that Borrower could have obtained.

(Compl., Ex. 1.) The mortgage also states in section 9 that if "Borrower fails to perform the covenants and agreements contained in this Security Instrument...then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property." (Compl., Ex. 1.) Plaintiff obtained hazard insurance, as required by the mortgage, with FMI Insurance Company for $633 annually. (Compl. ¶¶ 82-84.)

2

On September 19, 2012, Plaintiff's FMI policy lapsed. (Compl., ¶ 85.) On October 19, 2012, Plaintiff received notice that his policy had lapsed, and that "sufficient insurance coverage is required to be in force at all times." (Compl., ¶ 86.) Plaintiff did not attempt to obtain hazard insurance after his FMI policy lapsed. Thereafter, on January 1, 2013, Santander purchased lender-placed hazard insurance on the property through Defendant American Modern Insurance Group ("AMIG"). (Compl., ¶ 87.) The effective date of this insurance was October 9, 2012, and the policy provided the same level of coverage that Plaintiff's FMI policy had provided. (Compl., ¶¶ 87-88.) Plaintiff was charged $1,360 for this policy. (Compl. ¶ 87.)

On April 24, 2013, Plaintiff purchased hazard insurance from Great Northern Insurance Company for $696.19, and Santander cancelled the AMIG policy. (Compl., ¶¶ 89, 91.) Santander refunded the unused premium amount, but did not refund the premium for coverage from October 9, 2012 to April 23, 2013. (Compl., ¶ 91.)

In essence, Plaintiff is alleging that "Defendants colluded with one another to exploit borrowers by utilizing the force-placement of hazard insurance as an illegitimate profit center fueled by kickbacks, backdated coverage, and overcharges for force-placed insurance." (Pl's Br. in Opposition to Def's Mtn to Dismiss, p. 2.)

### III.   STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that " 'raise a right to relief above the speculative level.' " Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007.) In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most

3

favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's claims on multiple grounds, including on the basis that Plaintiff's claims are barred by the filed rate doctrine. I will first address Defendant's argument as to the filed rate doctrine before I address Defendant's arguments as to Plaintiff's individual claims.

### A. Filed Rate Doctrine.

The filed rate doctrine provides that a rate filed with and approved by a governing regulatory agency is unassailable in judicial proceedings brought by ratepayers. Alston v. Countrywide Financial Corp., 585 F.3d 753, 763 (3d Cir. 2009), citing Wegoland Ltd. v. NYNEX Corp., 27 F.3d 17, 18 (2d Cir. 1994). The rationale is twofold: (1) courts are not "institutionally well suited" to determine the reasonableness of rates, and (2) allowing individual ratepayers to attack the filed rate "would lead to discrimination in rates in that a victorious plaintiff would end up paying less than similarly situated non-suing

customers" and " 'would undermine the congressional scheme of uniform rate regulation.' " Wegoland, 27 F.3d at 19 (citing Keogh v. Chicago & Northwestern Railway Co., 260 U.S. 156, 162–63 (1922) and quoting Arkansas Louisiana Gas Co. v. Hall, 453 U.S. 571, 572 (1981)). The filed rate doctrine applies in circumstances where a plaintiff is challenging the reasonableness or propriety of the rates themselves. Gallo v. PHH Mortgage Corp., 916 F. Supp. 2d 537, 543 (D.N.J. 2012).

As Plaintiff's property is located in New Jersey, New Jersey law applies to the instant matter. The Insurance Rating Law of New Jersey (N.J.S.A. 17:29A—1 et seq.) requires that "every insurer, before using or applying any rate to any kind of insurance, file with the Commissioner a copy of the rating-system upon which such rate is based, or by which it is fixed or determined." N.J.S.A. 17:29A—6.

Defendant alleges that the damages Plaintiff seeks in his Complaint can only be measured as a refund of a portion of the premium he was charged for a lender-placed insurance policy, and any such refund would result in Plaintiff paying a lower rate than other insureds in violation of the filed rate doctrine. However, I cannot conclude that Defendant's characterization of the Complaint in this matter is accurate. First, Plaintiff's Complaint states that he "does not challenge the rates of his force-placed hazard insurance as excessive." (Compl., ¶ 29.) Rather, Plaintiff challenges "Defendant's decision to purchase force-placed hazard insurance from insurers that provide a financial benefit to Defendants and/or their affiliates at prices that far exceed borrower-purchased hazard insurance (while providing substantially less coverage)." (Id.) Plaintiff is entitled to frame his Complaint and the claims contained therein as he wishes.

In Alston v. Countrywide Financial Corp., 585 F.3d 753 (3d Cir. 2009), the Third Circuit addressed the filed rate doctrine and found that, in that case, Plaintiffs were challenging Countrywide's allegedly wrongful conduct in giving kickbacks and were not challenging the "reasonableness or propriety of the rate that triggered the conduct." 585 F.3d at 765. In short, the Court "recognized the distinction between wrongful conduct and rate challenges and held that wrongful conduct claims were not barred by the filed rate doctrine." Lauren v. PNC Bank, No. 13-762, 2013 WL 5565511, *5 (W.D. Pa. Oct. 8, 2013).

Defendant argues that Alston is distinguishable from the instant matter because the plaintiffs in that case alleged a violation of the Real Estate Settlement Procedures Act ("RESPA") and no RESPA claim is made in this matter. (Def's Reply Br., p. 4.) However, I find Alston to be instructive in deciding the filed rate issue. See Gallo, 916 F.Supp.2d at 544 (stating that "[a]lthough Alston was decided in the context of a case where the plaintiffs alleged a violation of [RESPA] and no such claim is made here, the Court still finds this case instructive in resolving the filed rate doctrine issue, notwithstanding this distinction.") With respect to the filed rate doctrine, the Third Circuit made clear in Alston that "the filed rate doctrine simply does not apply" in circumstances where, as here, a plaintiff challenges the defendant's allegedly wrongful conduct, not the reasonableness of the rate. Here, as in a number of cases decided throughout the country, the filed rate doctrine does not apply because Plaintiff is not challenging the rate of the force-placed policy in question.[2]

---

[2] Simpkins v. Wells Fargo Bank, N.A., No. 12-0798, 2013 WL 4510166, at *14 (S.D. Ill. Aug. 26, 2013); Rothstein v. GMAC Mortg., LLC, No. 12-3412, 2013 WL 5437648, at *23 (S.D.N.Y. Sept. 30, 2013); Smith v. Suntrust Mortg., Inc. et al, No. 13-739, 2013 WL 5305651, at *5 (C.D. Cal. Sept. 16, 2013);

A thorough review of Plaintiff's lengthy Complaint shows that Plaintiff here is clearly challenging the manner and methods used by Defendant in purchasing force-placed hazard insurance through pre-arranged agreements with AMIG, resulting in improper kickbacks to Defendant. Plaintiff's Complaint cannot fairly be read as challenging the actual rates of the force-placed insurance. Therefore, at this stage of the proceedings, I find that the filed-rate doctrine does not bar Plaintiff's Complaint. Accordingly, Defendant's Motion to Dismiss on the basis of the filed rate doctrine is denied.

### B. Breach of Contract Claim

Defendant argues that Plaintiff's breach of contract claim must be dismissed because all of Santander's conduct was expressly authorized by Section 5 of the mortgage, which allows the lender to obtain insurance coverage at borrower's expense if the borrower fails to maintain coverage. In response, Plaintiff argues that Section 5 of the mortgage must be read in conjunction with Section 9 of the mortgage, which states that if "Borrower fails to perform the covenants and agreements contained in this Security Instrument ... then Lender may do and pay for whatever is <u>reasonable</u> or <u>appropriate</u> to protect Lender's interest in the property." (Compl., Ex. 1, ¶ 9) (emphasis added).

Recently, the Western District of Pennsylvania addressed nearly identical breach of contract claims arising from force-placed insurance and found that sections 5 and 9 of the mortgage should be read together, and that although the lender had the right to force-place insurance upon borrower's failure to maintain such insurance, the lender must exercise that right in a "reasonable and appropriate manner to protect its interest in the

---

Leghorn v. Wells Fargo Bank, N.A., No. 13-0708, 2013 WL 3064548, at * 21 (N.D. Cal. June 19, 2013); Abels v. JPMorgan Chase Bank, N.A., 678 F.Supp.2d 1273, 1277 (S.D. Fla. 2009).

property." Lauren v. PNC Bank, 2013 WL 5565511, at * 6. I find that Plaintiff has adequately pled that section 5 and section 9 of the mortgage, read together, prohibit Santander from abusing its discretion when force-placing insurance. I further find that Plaintiff has adequately pled that Santander abused its discretion in force-placing the insurance in question by failing to act in a reasonable and appropriate manner. In reaching this conclusion, I am instructed by a number of districts across the country that have similarly found that although a lender has the right to force-place insurance under section 5 of a mortgage upon borrowers' failure to maintain said insurance, a lender must exercise that right in a reasonable and appropriate manner. See e.g., Smith, 2013 WL 5305656, at *7; Simpkins, 2013 WL 4510166, at *3. Accordingly, Defendant's Motion to Dismiss Plaintiff's breach of contract claims is denied.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

Next, Defendant argues that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must fail because Plaintiff has not alleged sufficient facts to show that Defendant denied Plaintiff the benefit of his bargain or that Santander acted in bad faith.

A covenant of good faith and fair dealing is implied in every contract in New Jersey. Wilson v. Amerada Hess Corp., 773 A.2d 1121, 1126 (2001). "A party exercising its right to use discretion …under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract." Id. at 1130, see also Montanez v. HSBC Mortgage Corp. (USA), 876 F. Supp. 2d 504, 513-14 (E.D. Pa. 2012) (citing Phila. Plaza–Phase II v. Bank of Am. Nat'l Trust & Savings Assoc., No. 3745 APRIL TERM

8

2002, 2002 WL 1472337, at *6 (Pa.Ct.Com.Pl. Phila. June 21, 2009) (stating that the covenant of good faith may be breached when a party exercises discretion authorized in a contract in an unreasonable way)).

I find that in the instant matter, Plaintiff has alleged facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. The purpose of a clause in a mortgage allowing a lender to force-place insurance is to protect the lender's interest in the property that is collateral for the mortgage. Plaintiff claims that Santander made additional profits at his expense by force-placing insurance on his property and receiving kickbacks on that insurance, rather than placing insurance to protect its interest in the property. While the mortgage did not require Santander to place the cheapest insurance available, "it was not entitled to use its discretion to obtain secret kickbacks on policies or charge plaintiffs for insurance covering periods of time that had passed without damage occurring to the property," See Montanez, 876 F.Supp.2d at 513. I find that Plaintiff's Complaint alleges sufficient facts of backdating of policies and secret kickbacks so that Plaintiff has properly pled bad faith on the part of Santander in force-placing Plaintiff's insurance. Accordingly, Defendant's Motion to Dismiss the claim for breach of implied duty of good faith and fair dealing is denied.[3]

---

[3] Defendant also alleges that Plaintiff's claim for breach of the implied duty of good faith and fair dealing must be dismissed because Plaintiff has failed to allege that he was deprived of the benefit of the bargain. (Def's Mtn to Dismiss, pp. 15-17.) Defendant cites two cases in support of that proposition, Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 225 (2005), and Bartello v. Option One Mortgage Corp., 2009 WL 137229, at * 4 (N.J. Super. Ct. App. Div. Jan. 22, 2009). I find that both of these cases are distinguishable from the instant matter, and therefore, I will allow Plaintiff's claim for breach of the implied duty of good faith and fair dealing to proceed. Brunswick Hills does state that "[t]he party claiming a breach of the covenant of good faith and fair dealing 'must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties,'" that case has nothing factually in common with the instant matter, as it involved a commercial tenant who sued its landlord for specific performance of an option to enter into a 99 year lease. 182 N.J. at 215. As to Bartello, it is an unpublished opinion with no precedential effect that is also factually distinguishable, as it involved a

### D. <u>Breach of Fiduciary Duty/Misappropriation of Funds</u>

Defendant argues Plaintiff's claim for breach of fiduciary duty fails because under New Jersey law, there is no fiduciary duty between a mortgagor and mortgagee. Plaintiff argues that Santander's fiduciary duty arises not from a mortgagor/mortgagee relationship, but rather from Defendant's status as an "escrow agent with discretionary authority to disburse funds from escrow to purchase hazard insurance." (Compl., ¶¶ 131-133.)

A party cannot generally "state a claim for breach of fiduciary duty based solely on ... allegations ... which reflect nothing more than a debtor-creditor relationship." <u>Abulkhair v. Citibank & Assocs.</u>, 434 F. App'x 58, 63 (3d Cir. 2011). However, certain "special circumstances" where the creditor "knows or has reason to know that the customer is placing his trust and confidence in the [creditor] and relying on the [creditor] so to counsel and inform him" may give rise to a fiduciary duty. <u>United Jersey Bank v. Kensey</u>, 704 A.2d 38, 45 (N.J.Super.Ct.App.Div.1997). Such a circumstance may arise when "the lender encourage[s][a] borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance' while "conceal[ing] its self-interest in promoting the transaction involved." <u>Id.</u> at 45–46.

Escrow agents have a fiduciary responsibility to the parties to an escrow transaction. <u>Snyder v. Dietz & Watson, Inc.</u>, 837 F.Supp.2d 428, 444 (D.N.J. 2011). In the instant matter, Plaintiff pled that Defendant held funds in escrow for the purpose of

---

borrower's attempt to get liability coverage under a force-placed insurance policy that did not include liability coverage. 2009 WL 137229, at *1.

paying insurance premiums and other items in borrower's mortgages. (Compl. ¶131.) Plaintiff further pled that Defendant was obligated to hold, manage and control any escrow funds in trust and owed Plaintiff the highest fiduciary duty with respect to the handling of escrow funds. (Compl. ¶ 132.) Plaintiff also pled that Defendant breached its fiduciary duty to him by, *inter alia*, abusing its discretion to buy hazard insurance by knowingly paying for items unrelated to providing force-placed insurance, such as kickbacks. (Compl. ¶ 133.) I find that Plaintiff has sufficiently pled the existence of a relationship with Defendant that allowed Defendant to use escrow funds under its control to gain monetary benefit at Plaintiff's expense; therefore, Plaintiff's breach of fiduciary duty survives at this stage of the case.[4] Accordingly, Defendant's Motion to Dismiss Plaintiff's breach of fiduciary duty claim is denied.

### E. Violation of the New Jersey Consumer Fraud Act

Lastly, Defendant argues that Plaintiff's claim under the New Jersey Consumer Fraud Act should be dismissed because Plaintiff has failed to allege that Defendant engaged in an unlawful practice or that Plaintiff suffered an ascertainable loss. In addition, Defendant argues that Plaintiff failed to plead fraud under the Act with particularity as required by F.R.C.P. 9(b).

First, Defendant argues that Plaintiff is required to plead the date, time and place of the alleged fraud, and that to the extent Plaintiff bases his allegations on alleged misrepresentations by Defendant concerning force-placed insurance, they do not meet

---

[4] Defendant relies on an unpublished case, Margulies v. Chase Manhattan Mortg. Corp., 2005 N.J. Super. LEXIS 383, at *7 (N.J. Super. Ct. App. Div. Nov. 7, 2005), for the proposition that a breach of fiduciary duty claim such as the one in the instant matter should be dismissed. However, I note that Margulies, in addition to be being unpublished and non-precedential, was decided in a completely different procedural context, as it addressed plaintiff's appeal from the grant of summary judgment to the lender. In the context of the instant motion to dismiss, I only find that the claim was sufficiently pled and survives.

Rule 9(b)'s particularity requirement because they do not allege when or how misrepresentations were made. However, a plaintiff does not need to plead the "date, place or time" of the fraud, as long as they use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Mardini v. Viking Freight, Inc., 92 F.Supp.2d 378, 385 (D.N.J.1999) (quoting Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir.1998), abrogation on other grounds recognized, Forbes v. Eagleson, 228 F.3d 471 (3d Cir.2000)). Upon review of Plaintiff's Complaint, I find that it is sufficient to satisfy Rule 9(b)'s particularity requirement. Plaintiff's Complaint sets forth great detail regarding the factual circumstances surrounding Defendant's alleged scheme to receive kickbacks from force-placed insurance. I find Plaintiff's allegations of fraud are well-substantiated in the Complaint.

As to Defendant's argument that Plaintiff's Complaint fails to state a claim under the NJCFA because it fails to allege any "unlawful practice," I find that this argument also must fail. An "unlawful practice" under the NJCFA is defined as any "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact." N.J. Stat. Ann. § 56:8-2. The term "unconscionable" implies a lack of "good faith, honesty in fact and observance of fair dealing." Cox v. Sears Roebuck & Co., 138 N.J. 2, 15 (N.J. 1994). Plaintiff's Complaint alleges that Defendant used its ability under the mortgage to force-place insurance to create for itself additional profits at the expense of its borrowers. I find that this pleading adequately alleges unconscionable behavior by Defendant so as to result in an unlawful practice under the NJCFA. Defendant cannot succeed on this argument by claiming all of its conduct was "consistent with the

mortgage," as I have already addressed that argument and found that Plaintiff adequately pled a breach of the mortgage contract.

Lastly, as to Defendant's claim that Plaintiff's NJCFA claim must be dismissed because he cannot show an "ascertainable loss" because the force-placed policies conform to the filed rate doctrine, this argument also fails. I previously determined that the filed rate doctrine does not apply in the instant matter. The kickbacks and other charges made by Defendant in force-placing insurance are "ascertainable losses." Accordingly, Defendant's Motion to Dismiss Plaintiff's claim under the New Jersey Consumer Fraud Act is dismissed.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is denied.