UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD LAFFAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>SANTANDER BANK, N.A., et al.<br><br>         Defendants. | Civil Action No. 5:13-CV-04040-JLS |

**FINAL APPROVAL ORDER AND JUDGMENT**

On August 12, 2015, this Court entered an order granting preliminary approval of the proposed class action settlement set forth in the Settlement Agreement ("Settlement Agreement") between Plaintiff[1], on behalf of himself and the Settlement Class, and Santander Bank, N.A. ("Santander") and American Modern Insurance Group, Inc. and Atlas Insurance Agency, Inc. (the "AMIG Defendants," and, together with Santander, "Defendants"). The Court also provisionally certified the Settlement Class for settlement purposes, set forth the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on December 15, 2015.

Subsequently, on December 15, 2015, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing this Action on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members herein who have not opted out of the Settlement Class; and (3) whether and in

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions set forth in the Settlement Agreement.

what amount to award counsel for the Settlement Class as attorneys' fees and expenses and whether and in what amount to award a Service Award to the Plaintiff.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Adequate Class Notice was given to the Settlement Class in compliance with the Settlement Agreement and the Preliminary Approval Order.

2. The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and Judgment, including jurisdiction over the Settlement Fund and the settlement administrator, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3. The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in mediation and extensive negotiations. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, which shall consist of all borrowers in the United States who had a certificate for LPHI applicable to the borrower's property issued during the period July 11, 2007 through December 31, 2014, inclusive of those dates, pursuant to a Lender-Placed Hazard Insurance Master policy issued to Santander and were charged by Santander and/or and entity or persons acting for or on its behalf, for lender-placed hazard insurance. The following are excluded from the Settlement Class: (a) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective subsidiaries or affiliates; (b) any justice, judge or magistrate judge of the United States or any State, and their spouses; (c) borrowers whose LPHI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower or the borrower's escrow account; and (d) E. Steven Ferrari and John Primiano, who submitted timely and proper Opt Out Requests.

6. The Court finally designates the law firms of Kessler Topaz Meltzer & Check, LLP and Nix, Patterson & Roach LLP as Class Counsel for the Settlement Class.

7. The Court finally designates Plaintiff Gerard Laffan as the Settlement Class Representative.

8. The Court finds that the Publication Notice, the Class Notice, the Settlement Website and the creation of the interactive voice recording ("IVR") toll-free telephone number system, all as provided for in the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances to persons in the Settlement Class; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

9. Class Counsel has filed with the Court a declaration from Christina Peters-Stasiewicz, a Senior Project Manager with A.B. Data, Ltd., the independent third-party Settlement Administrator for the Settlement, establishing that the Mailed Notice was mailed to Settlement Class Members on September 10, 2015 and the Publication Notice was published on September 10, 2015.

10. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Mailed Notice and on the Settlement Website. The Court finds that two Class Members (E. Steven Ferrari and John Primiano, *see*

ECF No. 110-1) sought exclusion from the Settlement Class and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired.

11. The Court finds that there have been no timely objections to the Settlement.

12. Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Final Approval Order and Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Mailed Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13. The Settlement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, the Settlement Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Settlement Agreement, fully and finally terminating all claims of the Settlement Class in this Action against Defendants, on the merits and with prejudice.

14. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as modified by the Orders of this Court.

15. The terms of the Settlement Agreement, including all Exhibits thereto, and of this Final Approval Order and Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and each Settlement Class Member, as well as their respective heirs, beneficiaries, administrators, successors, and assigns, and all Releasing Parties.

16. The Releases, which are set forth in Section 9 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order and Judgment. The Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) <u>Release and Waiver Definitions</u>.

(i) "AMIG Defendants" means American Modern Insurance Group, Inc. and Atlas Insurance Agency, Inc.

(ii) "Defendants" mean Santander and the AMIG Defendants.

(iii) "Effective Date" means the first business day after the Final Approval Order has become Final.

(iv) "Final" shall mean, with respect to any judicial ruling or order, an order that is final for purposes of 28 U.S.C. § 1291, and that: (a) the time has expired to file an appeal, motion for re-argument, motion for rehearing, petition for a writ of certiorari or other writ ("Review Proceeding") with respect to such judicial ruling or order with no such Review Proceeding having been filed; or (b) if a Review Proceeding has been filed with respect to such judicial ruling or order, (i) the judicial ruling or order has been affirmed without modification and with no further right of review, or (ii) such Review Proceeding has been denied or dismissed with no further right of review.

(v) "Lender-Placed Hazard Insurance" and "LPHI" mean hazard insurance placed pursuant to a mortgage loan agreement serviced by Santander and/or any entity

or person acting on its behalf to maintain hazard insurance coverage on the residential property securing the loan when the borrower has failed to do so.

(vi) "LPHI Policy" means a certificate for LPHI applicable to a borrower's property issued pursuant to a Lender-Placed Hazard Insurance Master policy issued to Santander.

(vii) "Release" or "Releases" means all of the releases contained in Section 9 of the Agreement.

(viii) "Released Claims" means all claims to be released as specified in Section 9 of the Agreement.

(ix) "Released Parties" means Santander, Santander Agency, Inc. f/k/a Sovereign Agency, Inc., Sovereign Agency MA, LLC, Sovereign Agency, LLC, the AMIG Defendants, American Modern Home Insurance Company, Midwest Enterprises, Inc. d/b/a Ameritrac, American Western Home Insurance Company, American Modern Surplus Lines Insurance Company, and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them, and entities otherwise released pursuant to Section 9 of the Agreement.

(x) "Releasing Parties" means Plaintiff and each Settlement Class Member and each of their respective spouses, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, agents and assigns, and

all those who claim through them or who assert claims (or could assert claims) on their behalf, as defined in the Agreement.

    (xi)  "Santander" means Santander Bank, N.A.

  (b)  <u>Released Claims of Plaintiff and Settlement Class Members</u>.  Upon the Effective Date, the Releasing Parties shall release, resolve, relinquish, and discharge the Released Parties from any and all claims, counterclaims, actions, causes of action, demands, obligations and liabilities that arose during the Class Period, in any way arising from or related to the Released Parties' acts, omissions, policies, or practices as to LPHI that Releasing Parties have, had, or may have had against the Released Parties as set forth in the Action through December 31, 2014 ("Released Claims").

    (i)  To the extent such claims arose during the Class Period and arise from or relate to the Released Parties' acts, omissions, policies, or practices as to LPHI that Releasing Parties have, had, or may have had against the Released Parties as set forth in the Action through December 31, 2014, such Released Claims include, but are not limited to:  all claims relating to any Released Party's placement of and charges for or related to LPHI Policies during the Class Period; any reinsurance agreements involving any Released Party concerning LPHI Policies; the relationship, whether contractual or otherwise, between Santander and/or its affiliates and the AMIG Defendants and/or their affiliates regarding LPHI, including but not limited to the procuring, underwriting, placement, administering, tracking or costs of LPHI Policies; the amount, duration, and alleged excessiveness of any LPHI Policies placed or charged by any Released Party; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPHI Policies placed or charged by any Released Party; any alleged "tying" arrangement involving any Released Party and LPHI; any

8

alleged breach of fiduciary duty by any Released Party concerning LPHI Policies; any alleged tortious interference by any Released Party with mortgage contracts serviced by any other Released Party regarding LPHI; the disclosure or non-disclosure of any payment, expenses, fees, charges or feature pertaining to or under any LPHI Policies placed or charged by any Released Party; the receipt or non-disclosure of any benefit under any LPHI Policies placed or charged by any Released Party; the content, manner, or accuracy of any communications regarding the placement of any LPHI Policy by any Released Party; the regulatory approval or non-approval of any LPHI Policy or the premium thereon, placed or charged by any Released Party; and all claims for attorneys' fees, costs, expert or consultant fees, interest, or litigation fees, or any other fees, costs and/or disbursements incurred by Class Counsel, Plaintiffs, or any Settlement Class Members in connection with or related in any manner to the Action, the Settlement, or administration of this Settlement and/or the Released Claims, except to the extent expressly stated otherwise in this Agreement

(ii) The Release above shall not cover claims arising after the Effective Date, or claims for benefits made under any LPHI Policy placed or charged by any of the Released Parties. Nothing herein shall be deemed a release of Plaintiff's or Settlement Class Member's respective rights and obligations under this Order.

(iii) The Release above shall not cover claims or rights the Releasing Parties have to recover any past, present or future amounts that may be owed by Released Parties relating to LPHI premium charges above the rates filed with regulatory authorities by the AMIG Defendants, or American Modern Home Insurance Company, and their insurance provider affiliates.

(iv) Nothing in this Order shall operate or be construed to release any claims or rights the Released Parties have to recover any past, present or future amounts that may be owed by Plaintiff or by any Settlement Class Member on his/her accounts, loans or any other debts with any Released Party, pursuant to the terms and conditions of such accounts, loans or any other debts.

(v) Except to the extent that any such obligation is released as a Released Claim above, this Final Approval Order and Judgment shall not release Defendants from any existing obligation to the Plaintiff or to any Settlement Class Member under any loan, note, mortgage or deed of trust. This provision is not meant to and does not limit the Release in Paragraph 17(b) above.

(c) Without in any way limiting their scope, the Released Claims cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees or consultant fees, interest, or litigation fees, or any other fees, costs and/or disbursements incurred by Class Counsel, the Plaintiff or any Settlement Class Members in connection with or related in any manner to the Action, this Settlement or the administration of this Settlement and/or the Released Claims, except to the extent otherwise specified in this Order.

(d) In connection with the foregoing Releases, the Plaintiff and each Settlement Class Member shall be deemed, as of the entry of the Final Approval Order, to have waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Notwithstanding that the Parties have chosen Pennsylvania law to govern the Settlement, the Plaintiff has agreed and each Settlement Class Member is deemed to have agreed that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released.

(e) Plaintiff and/or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Plaintiff and each Settlement Class Member shall be deemed to have agreed that, as of the Effective Date, he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by the Releases. Further, Plaintiff and each Settlement Class Member agree and acknowledge that he/she/they shall be bound by this Agreement, including by the Releases, and that all of their claims in the Action shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts and subsequent changes in the law, and even if they never received actual notice of the Settlement or never received a Settlement Payment.

(f) The Plaintiff and each Settlement Class Member shall be deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

(g) The Releases do not affect the rights of persons in the Settlement Class who timely and properly submitted an Opt-Out Request.

(h) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members.

(i) The Releases shall not preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

17. No Released Party shall be subject to liability or expense for any of the Released Claims to any Settlement Class Member.

18. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Approval Order and Judgment, all Settlement Class Members are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or any facts and circumstances relating thereto. All Settlement Class Members are permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or any facts and circumstances relating thereto.

19. Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any other jurisdiction and that have been released pursuant to the Settlement and this Final Approval Order and Judgment.

20. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements

referred to therein, nor this Final Approval Order and Judgment, nor any of its terms and provisions shall be:

(a) offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants;

(b) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or of any other wrongdoing by any of the Released Parties;

(c) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d) offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Agreement (or any agreement or order relating thereto), including the Releases or the Final Approval Order and Judgment.

21. This Final Approval Order and Judgment and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party in order to support

any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

22. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, as modified by the Preliminary Approval Order.

23. In the event that the Effective Date does not occur, this Final Approval Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

24. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

ORDERED in Reading Pennsylvania, this 15th day of December, 2015.

/s/ Jeffrey L. Schmehl
HON. JEFFREY L. SCHMEHL
UNITED STATES DISTRICT JUDGE